IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLEN TAYLOR, # 127254,   *
             *
  Plaintiff,     *
             *
vs.          * CIVIL ACTION NO. 20-00478-JB-B
             *
ANTHONY SMILEY,    *
             *
  Defendant.    *

## REPORT AND RECOMMENDATION

Plaintiff Glen Taylor, an Alabama state prisoner proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees. (Docs. 1, 2). The action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). Upon review of the complaint and Taylor's prior litigation history, it is recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g) because Taylor is barred from proceeding *in forma pauperis* and did not pay the filing fee at the time he filed this action.

**I.   28 U.S.C. § 1915(g) and Taylor's Litigation History.**

Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

> state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Taylor is seeking leave to proceed in forma pauperis, the undersigned reviewed the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine whether Taylor has three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[1]  From those dockets, the Court discovered that Taylor

---

[1]   This court may take judicial notice of its own records and the records of other federal courts. Nguyen v. United States, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

2

has had at least three actions or appeals dismissed for one of the aforementioned reasons, namely, Taylor v. VanWyk, No. 94-01631-ID-JLC (M.D. Ala. 1994) (dismissed Jan. 12, 1995); Taylor v. Smithart, No. 10-01057-ID-SRW (M.D. Ala. 2010) (dismissed Mar. 30, 2011); and Taylor v. Pearson, No. 14-00101-KD-M (S.D. Ala. 2014) (dismissed June 27, 2014).  Indeed, this Court has twice already dismissed actions filed by Taylor pursuant to § 1915(g)'s three-strikes provision, namely, Taylor v. Pearson, No. 14-00558-CB-C (S.D. Ala. 2014) (dismissed Mar. 11, 2015); and Taylor v. Dunn, No. 15-00517-KD-C (S.D. Ala. 2015) (dismissed July 29, 2016). Thus, the present action is due to be dismissed unless Taylor can satisfy the exception to § 1915(g).

**II.  Section 1915(g)'s Exception.**

The exception to § 1915(g) requires a plaintiff to show that at the time of the complaint's filing, he was "under imminent danger of serious physical injury." See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding that the imminent danger of serious physical injury must be faced at the time the complaint is filed, not at a prior time).  To meet § 1915(g)'s exception, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).  To make this showing, a plaintiff "must allege

and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury . . . ." Ball v. Allen, 2007 U.S. Dist. LEXIS 9706, at *4, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation omitted).  Taylor has clearly not done this in his present complaint.

In his complaint, Taylor complains about the Alabama Department of Corrections' grooming policy, enforcement of which he alleges varies "between one prison guard to another" and "between one inmate and another." (Doc. 1 at 8).  Taylor alleges that Defendant Anthony Smiley, a warden at Fountain Correctional Facility, will not allow Taylor's hair to reach one inch in length before ordering Taylor to get a haircut, while other inmates at the prison are permitted to have shoulder-length hair.  (Id.). According to Taylor, this is "[c]learly a subjective and discriminatory practice."  (Id.).  Taylor further alleges that there is only one Caucasian barber at Fountain Correctional Facility that he knows of, and Taylor does not have access to him because the barber lives in a "restrictive area."  (Id.).  Taylor also complains that the barbers at Fountain Correctional Facility are allowed to charge inmates for cutting their hair, despite the fact that he receives no income and has no ability to pay.  (Id.).

Taylor's allegations regarding ADOC's grooming policy and haircuts at Fountain Correctional Facility fail to demonstrate that he was under "imminent danger of serious physical injury" at the time his complaint was filed.  No allegations in the complaint suggest that Taylor suffered a serious physical injury in the past or was expecting to sustain such an injury in the future. Accordingly, the Court finds that Taylor has failed to establish § 1915(g)'s "imminent danger of serious physical injury" exception.

**III. Conclusion.**

Because Taylor cannot avail himself of § 1915(g)'s exception and did not pay the $400 filing fee[2] at the time he filed this action, this action is due to be dismissed without prejudice.  See Dupree, 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he *initiates* the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (same), cert. denied, 535 U.S. 976 (2002).  Therefore,

---

[2]   A filing fee of $350.00 for a non-habeas civil action is imposed by 28 U.S.C. § 1914(a).  As of December 1, 2016, the Judicial Conference also imposed a $50.00 administrative fee, except in habeas cases and in cases brought by persons who are permitted to proceed *in forma pauperis*.  28 U.S.C. § 1914, Jud. Conf. Schedule of Fees, No. 14.

it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to

---

[3]    An alternative basis for dismissal exists because, despite the fact that he has filed a litany of cases relating to his imprisonment and the complaint form requires him to disclose all other lawsuits relating to his imprisonment, Taylor only disclosed one of his many prior cases in the complaint and denied that he had filed other lawsuits relating to his imprisonment.  (See Doc. 1 at 3).  He then signed the complaint under the penalty of perjury, affirming that the information provided was true and correct.  (Id. at 7).

When an inmate fails to list his prior cases on a court-provided form that requires him to do so, the complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  See, e.g., Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (per curiam).  Taylor is, or certainly should be, aware that he is subject to § 1915(g)'s three-strikes provision.  The one prior case that he did disclose on the present complaint form is Taylor v. Pearson, No. 14-00558-CB-C (S.D. Ala. 2014), and he stated that the case was dismissed because the Court "receded forma pauperis." (Doc. 1 at 3).  Indeed, in that case, this Court dismissed Taylor's action pursuant to § 1915(g) and rescinded its prior order granting Taylor *in forma pauperis* status based on Taylor's status as a three-striker.  ECF No. 4, 5, 6, 7.

By listing only one action in the present complaint when he was aware of his multiple prior actions and of being subject to § 1915(g)'s three-strikes provision, the Court can only conclude that Taylor attempted to circumvent the screening process by not providing information that would have immediately directed the Court to the proper disposition of this action.  Accordingly, Taylor's action is due to be dismissed on the alternate ground that it is malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **September, 2020.**

_____
     **/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**